## HARRIET J. THAYER *versus* THOMAS BREWER.

In assumpsit for one half of the rents of certain real estate, which the plaintiff claimed to own in common with the defendant, the latter pleaded, that on February 11, 1817, L. C. and his wife, in her right and also as the guardian of the plaintiff, she being also the mother of the plaintiff, then a minor, conveyed the premises to the defendant in fee, that the defendant entered into possession thereof, and continued in possession, receiving the rents as of his own estate, until September 20, 1825, when the plaintiff, who was still a minor, commenced an action against the defendant, wherein she demanded possession of the premises, declaring upon her own seisin ; and that the action was discontinued on January 28, 1826 In another plea, the defendant averred the same facts, and further alleged, that from September 20, 1825, he continued in possession, and that on September 17, 1830, the plaintiff, being then of full age, released all her right and title in the premises to a stranger. On special demurrer, it was *held*, that the pleas were bad, as amounting to the general issue, and also as containing no legal defence to the action.

THIS was assumpsit for one half of the rents of certain real estate in Elliot street in Boston, of which estate the plaintiff claimed to be a tenant in common with the defendant. The declaration contained the money counts and a count on a promise to render an account.

The defendant pleaded four several pleas.

In the third he pleaded the general issue, as to the rents received after January 28, 1826, which was joined ; and as to the residue of the rents, alleged by the plaintiff to have been received prior to January 28, 1826, he pleaded that on February 11, 1817, Louis Champrozay and Nancy his wife, in her right and also as the guardian of the plaintiff, she being also the mother of the plaintiff, for the consideration of $600, by their deed of warranty of that date, conveyed the premises to the defendant in fee, under which deed the defendant entered into possession ; that from the time of such entry until on or about September 20, 1825, he continued in possession, receiving the rents to his own use, as of his own proper estate ; that on September 20, 1825, the plaintiff, who was then a minor, by her then guardian, Edward G. Loring Esq. commenced an action in the Court of Common Pleas, against the defendant, wherein she demanded possession of the premises, declaring upon her own seisin and a disseisin by the defendant ; that issue was joined upon such seisin ; that the

Thayer
v.
Brewer.

action was brought by appeal into this Court, and was, on January 28, 1826, discontinued, and judgment rendered that the defendant should recover his costs.

In the fourth plea, the defendant averred the same matters specially pleaded in the third, and alleged further, that from September 20, 1825, he still continued in the actual possession and enjoyment of the premises; and that on September 17, 1830, the plaintiff, being then of full age, by her deed of quitclaim, released all her right and title in the premises to Bryant Newcomb.

To the third and fourth pleas, the plaintiff demurred for the following causes, among others :

1. That they amount, each, to the general issue, and tend to unnecessary prolixity of pleading.

2. That they put in issue matters of fact not alleged, nor necessary to be alleged, and are argumentative and otherwise evasive.

3. That they do not allege that Nancy Champrozay was guardian of the real and personal estate of the plaintiff, nor in what way she was constituted guardian.

4. That they do not allege, that she, as guardian, was duly empowered to sell the estate of the plaintiff, or made the conveyance by virtue of a license duly granted.

5. That they do not allege, that Louis Champrozay and his wife, in her right and as guardian, were seised of and entitled to such estate, so as to be able to convey to the defendant.

6. That the third plea, as to the rents alleged to have accrued after January 28, 1826, does not confess and avoid, nor traverse and deny, the making of the promises to such rents relating in the declaration mentioned.

*March 5th.*    *E. G. Loring*, for the plaintiff, cited Steph. on Pl. 412, 413, 414.

*Cooke*, for the defendant, cited *Newton v. Creswick*, 3 Mod. 166; 1 Chitty on Pl. 499; *Paramour v. Johnson*, 12 Mod. 376; *Sarsfield v. Witherly*, 2 Ventr. 295; *James v. Fowkes*, 12 Mod. 101; *Birch v. Wilson*, 2 Mod. 277; *Hussey v. Jacob*, 1 Ld. Raym. 88; Gould's Pl. 348; *Dove v. Smith*, 6 Mod. 153.

*March 24th.*    PUTNAM J delivered the opinion of the Court.    There

can be no doubt but that the matters which are specially pleaded might properly be given in evidence under the general issue ; for under that issue every thing may be given in evidence which disaffirms the contract ; and generally it permits the defendant to give in evidence any matter in avoidance, performance, or excuse of performance, or in discharge. Lawes on Pl. in Assumpsit, (Story's edit.) 398.   If the facts offered in defence go to the denial of the contract, the general issue is the proper plea.   If matter of law be shown which avoids the contract, it may be pleaded specially or given in evidence under the general issue ; as coverture ; *James* v. *Fowkes*, 12 Mod. 101 ; statute against gaming ; *Hussey* v. *Jacob*, 12 Mod. 97 ; statute against usury ; *Barnard* v. *Saul*, 1 Str. 498 ; infancy, &c.   And generally the defendant may plead any matter which does not amount to the general issue, and *which admits in fact that a contract was made*, but insists that it was void or voidable.   Such matter of confession or avoidance is matter of law, which may be withdrawn from the jury and submitted to the court.   This is the test, whether a plea in bar is bad as amounting to the general issue ; if it be any matter of defence which denies what the plaintiff, on the general issue, would be bound to prove, it may and ought to be given in evidence under the general issue, and a plea setting up such facts negatively is bad on special demurrer ; but if it be any ground of defence which admits the facts alleged in the declaration but avoids the action by matter which the plaintiff would not be bound to prove or dispute in the first instance on the general issue, it may be specially pleaded.   1 Chitty on Pl. 497 ; 1 Tidd, 599, 600 ; *Bank of Auburn* v. *Weed*, 19 Johns. R. 300 ; *Kennedy* v. *Strong*, 10 Johns. R. 289 ; Com. Dig. *Pleader*, *E*, 14 ; Bac. Abr. *Pleas &c.*, *G*, 3 ; *Priestley* v. *White*, Yelv. 174 *a*.

The case of *Boot* v. *Wilson*, 8 East, 311, has a strong bearing upon the case at bar.   That was assumpsit for rents. The defendants pleaded specially, that while the defendants continued to be tenants they became bankrupts and that the premises were assigned to the assignees, and that they became possessed and occupied the same until the rent sued for became due   And there was a demurrer, because the

plea amounted to the general issue. Lord *Ellenborough* called on the defendants to answer the objection, that the plea denied the occupation of the defendants as tenants, and that then it was bad on demurrer as amounting to the general issue ; or if it did not, then it was bad, as not being an answer in law to the declaration, which was upon the agreement of the defendants to pay the rent. The court gave judgment for the plaintiff.

Now we think this case applies on both grounds to the third and fourth pleas in the case before us. There is no admission of the plaintiff's right of action ; no color, express or implied, is given ; but the pleas amount substantially to a denial of the plaintiff's right to recover, inasmuch as the defendant avers that she did not own one half of the estate, and the defendant was in fact in the occupation thereof him-self in his own right. Now according to the defendant's own statement in these pleas, it would be necessary for the plain-tiff to prove that she was owner of one half the estate and that the defendant received the rent and was accountable to her for the same. These pleas come exactly within the rule before cited ; they set up such facts negatively as the plaintiff would be bound to prove ; they do not confess and avoid by any matter which the plaintiff would not be bound to dis-pute in the first instance on the general issue. And we must say, that these pleas tend to great and unnecessary prolixity. We are also of opinion, that the facts set forth in them do not contain a legal defence to the declaration. There is no averment that the plaintiff declares upon promises which are only implied by the law. He may, for aught we know, offer evidence of an express promise. It may be that he will offer an express agreement, for good consideration, to pay the money for which this action is brought. Some compro-mise or arrangement between the parties may have taken place, which would be a good and legal consideration for an express assumpsit ; which would remain in full force notwithstanding all the facts set forth in those pleas. If, for example, the defendant had expressly promised to account for the money sued for, in consideration that the plaintiff would discontinue the suit which she had commenced by her guardian, the facts

set forth in these pleas would be no defence to a declaration upon such express agreement ; and such express agreement might support the count upon an undertaking to render an account.  Or it may be that the plaintiff will offer a promissory note for value received, whereby the defendant has promised to pay this money.  Such evidence would be good under the money counts.  The facts pleaded would not furnish a legal answer to it.

These pleas must be overruled upon both grounds ; first, as amounting to the general issue, and secondly, as containing no sufficient legal defence to the action.